IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DRE HEALTH CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00031-RK |
| | ) |
| BERKLEY EQUITY LIMITED, | ) |
| ANTHONY LYONS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' motion to file an amended answer. (Doc. 37.) The motion is fully briefed. (Docs. 40, 41.) After careful consideration and for the reasons explained below, the motion is **GRANTED**. Defendants shall file an amended answer (as attached to their motion, *see* Doc. 37-1) on or before January 17, 2023.

### I. Background

Plaintiff DRE Health Corporation filed this civil action against Defendants Berkley Equity Limited and Anthony Lyons on January 18, 2022. (Doc. 1.) In a joint answer filed on February 2, 2022, Berkley Equity Limited filed a counterclaim and third-party complaint jointly against DRE Health and Ahmed "Isaac" Bawany (alleged to be DRE Health's Chief Executive Officer). (Doc. 7.) Berkley Equity Limited asserted seven counterclaims against DRE Health and Mr. Bawany. (*Id.* at 33-40.) Mr. Bawany and DRE Health filed an answer as counterclaim-defendants on February 25, 2022. (Doc. 16.)

The Court entered a scheduling order on April 4, 2022, including the following deadlines: (1) joinder of parties/amendment of pleadings – August 1, 2022; (2) completion of discovery – April 5, 2023; (3) dispositive motions deadline – May 5, 2023; and (4) a trial date of October 2, 2023. (Doc. 27.) The parties initially scheduled a mediation under the Court's Mediation and Assessment Program for June 20, 2022 (Doc. 28), and after rescheduling the MAP mediation, the parties unsuccessfully mediated the case on August 3, 2022. (*See* Doc. 34.)

Defendants filed the instant motion to amend their pleadings on September 14, 2022. (Doc. 37.) Defendants seek to (1) add a new counterclaim for Abuse of the Corporate Form/Alter Ego, and (2) to add two additional affirmative defenses (mutuality and mutual assent or "meeting of the

minds"). (*Id.* at 3, ¶¶ 9 & 10.) Defendants state that the necessity for these additions to their answer arose upon review and evaluation of discovery propounded by DRE Health and Mr. Bawany in early July. (*See generally id.*)

## II. Discussion

The issue before the Court largely turns on application of the rules that govern civil proceedings in district court – namely Rule 6, Rule 15, and Rule 16 of the Federal Rules of Civil Procedure.

The first, Rule 6, provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 6(b)(1)(B). The Eighth Circuit has explained that the principle of "excusable neglect" for purposes of Rule 6(b) is an "equitable one, taking account of all relevant circumstances surrounding the party's own omission." *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010) (citation and quotation marks omitted). As the United States Supreme Court has recognized, relevant factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993) (citation omitted).

In addition, Rule 16(b)(4) provides that scheduling orders "may be modified only for good cause and with the judge's consent." *See also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (evaluating defendant's motion to amend filed after the scheduling order deadline for amended pleadings under Rule 16(b)'s good-cause standard).

Finally Rule 15, which governs amended pleadings generally, provides that when a party is not entitled to amend a pleading as a matter of right and instead must seek leave of court, the court should "freely give leave [to amend] when justice so requires." Rule 15(a)(2). As the Eighth Circuit has explained, district courts should generally deny properly filed motions for leave to amend a pleading "only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citations omitted). Mere delay alone is not a sufficient reason to deny leave to amend, but the critical inquiry is whether the delay resulted in unfair prejudice to the opposing party. *Id.* And here, "[t]he burden

2

Case 4:22-cv-00031-RK   Document 48   Filed 01/11/23   Page 2 of 3

of proof of prejudice is on the party opposing the amendment." *Id.* (citation and quotation marks omitted). Over all these rules, the Court notes the fundamental purpose of the rules as applied in every civil case proceeding in federal court is to "secure the just, speedy, and inexpensive determination" of each case. Fed. R. Civ. P. 1.

In this case, the Court finds Defendants demonstrate good cause and excusable neglect to file an amended answer as they have proposed here. Two weeks prior to the pleading-amendments deadline, DRE Health produced 4,200 documents in discovery. In the midst of reviewing this discovery, Defendants prepared for and participated in the August 3 mediation as required by the Court. Defendants state that the "newly-produced documents and related information," combined with other existing information and knowledge about the underlying circumstances of this litigation, ultimately gave rise to the additional counterclaim and affirmative defenses. (Doc. 37 at 4.) Under the most recent scheduling order (Doc. 26), the discovery deadline is set for April 2023 and a trial scheduled for October 2023. Neither DRE Health nor Mr. Bawany have shown any undue or unfair prejudice under these circumstances in allowing Defendants to amend their answer as they have proposed to do here, and it appears the parties were all acting in good faith in the production of discovery and otherwise. Therefore, Defendants' motion is **GRANTED**. Defendants shall file an amended answer as attached to their motion (*see* Doc. 37-1) on or before January 17, 2023.[1]

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 11, 2023

---

[1] The Court declines to otherwise amend the scheduling order (*see* Doc. 26) at this time. The Court will, however, consider any properly filed motion to amend the scheduling order (jointly submitted or otherwise) as may be necessary.