IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DRE HEALTH CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br><br>BERKLEY EQUITY LIMITED &<br>ANTHONY LYONS,<br><br>        Defendants.<br><hr><br>BERKLEY EQUITY LIMITED<br><br>        Counter-Plaintiff,<br><br>v.<br><br>DRE HEALTH CORPORATION,<br><br>        Counter-Defendant.<br><hr><br>BERKLEY EQUITY LIMITED<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>AHMED "ISAAC" BAWANY,<br><br>        Third-Party Defendant. | Case No.: 4:22-cv-00031-RK |

# BERKLEY EQUITY LIMITED'S AND ANTHONY LYONS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Berkley Equity Limited and Anthony Lyons move this Court pursuant to Federal Rule of Civil Procedure 56 for entry of partial summary judgment against DRE Health Corporation.

This litigation arises out of a multi-million dollar fraudulent scheme that was engineered and perpetrated by DRE and its principal, Ahmed "Isaac" Bawany. Bawany and DRE scammed millions of dollars from Berkley in this case as part of what appeared, on the surface, to be a routine commercial transaction for the purchase and sale of personal protective equipment. Unaware of and without reason to suspect any impropriety on the part of Bawany and DRE, on September 3, 2021, Berkley wired three million dollars to DRE – a decision that Berkley and its principal, Anthony Lyons, now sorely regret as DRE never delivered product to Berkley and never intended to deliver product. The transaction was a complete sham and Berkley is now out millions of dollars. Once Bawany's scheme was exposed, Berkley insisted on the return of its stolen funds. Bawany, in response, rushed to commence this baseless lawsuit as a preemptive strike against Berkley and Lyons. As set forth more fully in Berkley's and Lyons' Suggestion in Support of the Motion, filed contemporaneously herewith, the claims asserted against Berkley and Lyons are deficient as a matter of settled law and must be dismissed.

*First*, DRE's claims sounding in fraud both involve subject matter that is incorporated in and central to the parties' agreements and, similarly, seek to recover economic losses that are exclusively contractual in nature. In other words, DRE does not allege and cannot establish that any misrepresentations independent of the subject matter of DRE's and Berkley's contractual arrangement were made. Indeed, DRE's fraud claims are predicated on alleged misstatements regarding Berkley's intent or ability to perform under the alleged contracts. Such alleged

misstatements are insufficient as a matter of law to support a fraud claim. *See Inspired Pharma Solutions, LLC v. 5MRX LLC*, 2018 WL 659205, at *3-4 (E.D. Mo. Feb. 1, 2018).

Moreover, the undisputed facts establish that DRE's fraud claims seek damages that flow exclusively from the contracts, namely, consequential damages including lost profits, damage to reputation, and lost opportunities – precisely the same categories of damages sought in connection with DRE's contractual claims. Both the overlap in subject matter underlying, and damages sought through, DRE's contractual and tort claims render the fraud claims ripe for dismissal under the economic loss doctrine. The fact that Lyons was not a party to any contract with DRE does not bring the fraud claims outside the purview of the economic loss doctrine. To the contrary, Lyons, as an agent of Berkley, is equally entitled to the protections of the doctrine because DRE's fraud claims are, in substance, claims for breaches of contract. In that regard, Missouri courts have rejected the notion that privity of contract is required for the economic loss doctrine to apply, and countless other courts have expressly held that no such requirement exists. Thus, summary judgment dismissing DRE's fraud claims, both against Berkley and Lyons, should be granted.

*Second*, summary judgment against DRE and in favor of Lyons on DRE's account stated count is warranted because it is undisputed and indisputable that Lyons was not a party to any agreement with DRE for the purchase of masks, including but not limited to the two invoices that form the basis of DRE's claim. In addition, the undisputed facts establish that DRE cannot, as a matter of law, show that the parties reached an agreement as to the amount due and owing on an account, nor that the debtor acknowledged this obligation much less made an unconditional promise to pay. To the contrary, the record evidence conclusively establishes just the opposite. DRE therefore cannot, as a matter of law, establish an account stated.

*Third*, DRE's civil conspiracy claim is fatally flawed because DRE has no actionable tort claims that could serve as the underlying basis for a conspiracy, and a claim for civil conspiracy cannot survive as a stand-alone cause of action. In addition, it is undisputed that Lyons was at all relevant times acting as Berkley's agent, and under well-settled Missouri law, there can be no conspiracy between an agent and his principal.

In short, even when the facts are viewed in a light most favorable to DRE, DRE cannot advance any legitimate and sustainable basis to defeat summary judgment.

**WHEREFORE,** Berkley and Lyons respectfully move the Court for entry of partial summary judgment in their favor on DRE's fraud claims, DRE's account stated claim against Lyons, and DRE's civil conspiracy claim, and for such other and further relief, both special and general, at law and in equity, as this Court deems just and proper.

DATED: June 2, 2023

Respectfully submitted,

*/s/ James W. Walker*
James W. Walker (admitted *Pro Hac Vice*)
**COLE SCHOTZ P.C.**
901 Main Street, Suite 4120
Dallas, Texas 75202
Telephone: (469) 557-9390
Facsimile: (469) 466-3232
Email: jwalker@coleschotz.com

Joseph Barbiere (admitted *Pro Hac Vice*)
Eric T. Vissichelli (admitted *Pro Hac Vice*)
**COLE SCHOTZ P.C.**
25 Main Street
Court Plaza North
Hackensack, New Jersey 07601
Telephone: (201) 525-6213
Facsimile: (201) 678-6213
Email: jbarbiere@coleschotz.com
        evissichelli@coleschotz.com

-and-

4

Case 4:22-cv-00031-RK   Document 68   Filed 06/02/23   Page 4 of 5

    */s/ Michael S. Hargens*
Michael S. Hargens (MO #51077)
**HUSCH BLACKWELL LLP**
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 283-4636
Facsimile: (816) 983-8080
Email: Michael.hargens@huschblackwell.com

*Attorneys for Berkley Equity Limited and Anthony Lyons*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been filed electronically and served on all counsel via the Court's CM/ECF system on June 2, 2023.

    */s/ Michael S. Hargens*
Michael S. Hargens