IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

CASE NO.: 4:22-CV-00031-RK

DRE HEALTH CORPORATION,

     Plaintiff,

vs.

BERKLEY EQUITY LIMITED and
ANTHONY LYONS,

        Defendants.

_____

BERKLEY EQUITY LIMITED,

     Counter- Plaintiff,

vs.

DRE HEALTH CORPORATION and
AHMED "ISSAC" BAWANY,

      Counter – Defendants.

_____

BERKLEY EQUITY LIMITED,

     Third – Party Plaintiff,

vs.

AHMED "ISAAC" BAWANY,

     Third – Party Defendant.

_____/

<u>DEFENDANT, BERKLEY EQUITY LIMITED AND ANTONY LYONS'
PROPOSED JURY INSTRUCTIONS</u>

     Pursuant to the Court's Fifth Amended Scheduling and Trial Order (Doc. 136), Defendants,

BERKLEY EQUITY LIMITED and ANTHONY LYONS respectfully request that the following

instructions be given to the jury in the trial of this case. Defendants reserve the right to request

1

additional instructions and to request withdrawal of the original instructions if the trial of this case should make such action appropriate.

Respectfully submitted,

**THE LAW OFFICES OF STUART N. KAPLAN, P.A.**
PGA Financial Plaza
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile: (561) 296-7919
By: /s/ *Stuart N. Kaplan*
STUART N. KAPLAN, ESQUIRE
Florida Bar No.:647934
Email: skaplan@stuartnkaplanpa.com
Secondary Email: rbailey@stuartnkaplanpa.com

**THE LAW OFFICES OF THOMAS J. ALI, P.A.**
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
By: /s/ *Thomas J. Ali*
THOMAS J. ALI, ESQUIRE
Florida Bar No.: 0370746
Email: tali@stuartnkaplanpa.com
Secondary Email: rbailey@stuartnkaplanpa.com

# TABLE OF CONTENTS

|  | **Page** |
|---|---|
| Proposed Jury Instruction 1 | 4 |
| Proposed Jury Instruction 2 | 7 |
| Proposed Jury Instruction 3 | 8 |
| Proposed Jury Instruction 4 | 10 |
| Proposed Jury Instruction 5 | 12 |
| Proposed Jury Instruction 6 | 13 |
| Proposed Jury Instruction 7 | 14 |
| Proposed Jury Instruction 8 | 15 |
| Proposed Jury Instruction 9 | 18 |
| Proposed Jury Instruction 10 | 19 |
| Proposed Jury Instruction 11 | 20 |
| Proposed Jury Instruction 12 | 21 |
| Proposed Jury Instruction 13 | 23 |
| Proposed Jury Instruction 14 | 24 |
| Proposed Jury Instruction 15 | 26 |
| Proposed Jury Instruction 16 | 27 |
| Verdict Form | 28 |

## DEFENDANTS' PROPOSED JURY INSTRUCTION 1

### Before Voir Dire

Members of the Jury Panel, all cell phones and any other communication devices should have been secured by the courthouse officers as you entered the building this morning. If you do have a phone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. During jury selection, you must leave it off.

For those of you who will serve as a juror, my clerk, LaTandra Wheeler will make arrangements with the courthouse security for your cell phones to be available for your use in the jury room during the trial. However, during trial, you must leave your cell phones in the jury room and may only use them during breaks. During deliberations it is different. Jurors are not allowed to have cell phones in the jury room during deliberations, and my clerk, LaTandra Wheeler, will secure them for safekeeping at that time.

From now until you are discharged from the case, and for those selected as jurors, from now until you retire to deliberate on a verdict at the end of the trial, you may not discuss this case with anyone, even the other jurors. You may want to tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court. If you do so, you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence.

You must not post any information on any social media or a social network, or communicate with anyone about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

4

For those selected as jurors, after you retire to deliberate on a verdict at the end of the trial, you must discuss this case with only the other jurors. You must not tell anyone else anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence and the law.

Also, while you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or social media or in any other way communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. Those of you who are selected for the jury in this case must decide this case based only on the evidence received by the court here in the courtroom and the instructions on the law that I give the jury. Do not do any research – on the Internet, through social media, in libraries, in the newspapers, or in any other way – or make any investigation about this case on your own.

Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The important reason for your not talking with anyone about the case is that the parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the Rules of Evidence, the trial process, including the oath to tell the truth and by cross-

5

examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions, and any other instructions the court gives you throughout the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of the court and punished accordingly.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial?

## DEFENDANTS' PROPOSED JURY INSTRUCTION 2

## Recess at end of Voir Dire

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you. I do not know whether there will be news reports about this case. Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed Internet or radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

7

# DEFENDANTS' PROPOSED JURY INSTRUCTION 3

## Duty of Jury

Ladies and gentlemen: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial, I will give you more instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

You must leave your cell phone, smart phone (such as an iPhone), smart watch, tablet computer, PDA, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have these devices in the jury room during deliberations. Before you begin deliberations, the jury will give these devices to my clerk, LaTandra Wheeler, for safekeeping. They will be returned to you when your deliberations are complete.

[This is a civil case brought by the plaintiff[s] against the defendant[s]. [Describe the parties' claims and defenses; counterclaims and defenses to the counterclaims.] It will be your duty to decide from the evidence [what party is entitled to your verdict[s]] [whether the plaintiff[s] is [are] entitled to a verdict against the defendant[s].]

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or I think your verdict should be.

## DEFENDANTS' PROPOSED JURY INSTRUCTION 4

### Evidence

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now, what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

10

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

# DEFENDANTS' PROPOSED JURY INSTRUCTION 5

## Bench Conferences

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

## DEFENDANTS' PROPOSED JURY INSTRUCTION 6

## Note Taking

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. My clerk, Latandra Wheeler will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them in your seats.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone.

## DEFENDANTS' PROPOSED JURY INSTRUCTION 7

### Questions by Jurors

When the lawyers have finished asking all of their questions of a witness, you may propose questions in order to clarify the testimony. The procedure for submitting questions is as follows:

Submit your questions in writing on note cards provided to the jury.

Do not express any opinion about the testimony or argue with a witness in your questions.

Do not sign your questions. Each and every juror will submit a note card regardless of whether a question has been written by a juror. In other words, every juror will submit a note card upon completion of the lawyers' questioning of a witness, no matter if your note card is blank or you have written a question or questions on it.

I will review each question with the lawyers. You may not receive an answer to your question. There may be several reasons for this. Do not feel slighted or disappointed if your question is not asked. A question may not be allowed if is not proper under the rules of evidence; or even if the question is proper, you may not get an immediate answer, because a witness or an exhibit you will see later in the trial may answer your question. Remember, you are not advocates for either side; you are impartial judges of the facts.

14

## DEFENDANTS' PROPOSED JURY INSTRUCTION 8

### Conduct of the Jury

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to my clerk, LaTandra Wheeler, or me.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. But, you must not communicate with anyone or post information in any manner about the parties, witnesses, participants, claims, evidence, or anything else related to this case. You

15

must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a cell phone or computer-like device.

Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not use websites such as Facebook, Instagram, Twitter, YouTube, or MySpace. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research – on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the court.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have

someone clip out any stories. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

## DEFENDANTS' PROPOSED JURY INSTRUCTION 9

### Outline of Trial

The trial will proceed in the following manner:

First, the Plaintiffs' lawyers may make an opening statement. Next, the Defendants' lawyers may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the Plaintiffs will then present evidence. The Defendants' lawyers will have a chance to cross-examine the Plaintiffs' witnesses. After the Plaintiffs have finished presenting their case, the Defendants may present evidence, and the [*]plaintiffs' lawyers will have a chance to cross-examine the Defendants' witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. Before the closing arguments, I will instruct you further on the law. After the court's instructions and after the lawyers' arguments, you will go to the jury room to deliberate and decide on your verdict.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10

## Recesses During Trial

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

19

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11

### Common to All Counts

Before deciding whether Defendants, BERKLEY EQUITY LIMITED or ANTHONY LYONS should be liable or responsible for any damages you must consider whether the claims of DRE HEALTH CORPORATION and AHMED "ISSAC" BAWANY, the Plaintiffs, are barred by the "Limitation of Liability" clause in the September 2, 2021 SPA and incorporated in the October 19, 2021 Addendum. The Limitation of Liability clause provided on page 8, paragraph L, of the SPA as follows:

> "Limitation of Liability: NEITHER PARTY SHALL BE LIABLE, DIRECTLY OR INDIRECTLY, FOR ANY (I) SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES OF ANY KIND WHATSOEVER (INCLUDING WITHOUT LIMITATION LOST PROFITS), EVEN IF THE OTHER PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH LOSSES OR DAMAGES AND REGARDLESS OF THE FORM OF ACTION."

Should you find that this "Limitation of Liability" clause bars the claims of DRE HEALTH CORPORATION and AHMED "ISSAC" BAWANY you shall proceed on the verdict form to answer yes and proceed no further, as your verdict shall be for the Defendants. If you answer no then you shall consider the next instruction from the Court on whether the Plaintiff(s) DRE HEALTH CORPORATION, first breached the SPA and Addendum since I am now instructing you as follows:

## DEFENDANTS' PROPOSED JURY INSTRUCTION 12

## Common to Count I, Account Stated, Count II, Breach of Contract, and

## Count V, Breach of Contract

As a general rule of contract law that "a party to a contract cannot claim its benefits when it is the first to violate it. <u>Forms Manufacturing, Inc. v. Edwards</u>, 605 S.W. 2d 67, 69 (Mo. App. 1985). A plaintiff cannot sue on a contract if it first materially breached the contract. A material breach is when the breach relates to a vital provision of the contract. Guidry v. Charter Communications, Inc., 269 S.W. 3d 320 (Mo. Ct. App. 2008). Should you find that the Plaintiff, breached the terms (material) of the SPA or Addendum first, you should find in favor of the Defendants and proceed no further. If you find that the Plaintiff(s) did not breach a material provision of the SPA or Addendum, then you next should consider the applicability of the liquidated damage provision in the Addendum, (page 1, paragraph 2(a)(i), which states:

1. **Amendments.** From and after the date hereof, the SPA is hereby amended as follows:

(a) <u>Payincnis from Producer to Buyer for additional</u> 10MM Dre Health Masks.

(i) On or before October 22,2021 (the "Payment Date"), Producer shall wire Buyer, in immediately available funds, to the escrow account designated by Buyer, the amount of One Million Five Hundred Thousand and 00/100 ($1,500,000.00) Dollars (the "Payment") in consideration for the additional 10MM masks waiting to arrive in the port of Los Angeles that Producer is repurchasing from Buyer. In the event the First Payment is not made on or before the Payment Date, as liquidated damages, Producer shall pay to Buyer the amount of One Hundred Fifty Thousand and 00/100 ($150,000.00) Dollars per day for every day that the Payment is not made following the Payment Date, until the Payment is received by Buyer. Any damages are contingent upon Buyer's continued full performance under the SPA."

Should you determine that BERKLEY EQUITY LIMITED and ANTHONY LYONS are entitled to liquidated damages, as on offset to any of the claims of DRE HEALTH CORPORATION, you then shall determine the amount of liquidated damages to be assessed. The liquidated damages clause suggests $150,000.00 per day for every day that payment is not made of the full $1,500,000.00

on or before October 22, 2021.

## DEFENDANTS' PROPOSED JURY INSTRUCTION 13

### Civil Conspiracy

"A civil conspiracy is an agreement between at least two persons to do an unlawful act, or to use unlawful means to do an act which is lawful." Blaine v. J.E. Jones Constr. Co., 841 S.W.2d 703, 713 (Mo.App.E.D.1992). However, a civil conspiracy "does not give rise to a civil action unless something is done pursuant to which, absent the conspiracy, would create a right of action against one of the defendants, if sued alone." Gettings v. Farr, 41 S.W.3d 539, 541–42 (Mo.App.E.D.2001) (citations omitted); see also Spencer, 929 S.W.2d at 767 ("Civil conspiracy is not itself actionable in the absence of an underlying wrongful act or tort."). "If the underlying wrongful act alleged as part of a civil conspiracy fails to state a cause of action, the civil conspiracy claim fails as well." Envirotech, Inc. v. Thomas, 259 S.W.3d 577, 586 (Mo.App.E.D.2008)."

## DEFENDANTS' PROPOSED JURY INSTRUCTION 14

### Business Entities

Ordinarily, business entities, such as limited liability companies, are regarded as wholly and separate legal entities, distinct from the members or owners who compose the business entities. Thomas Berkeley Consulting Eng., Inc. v. Zerman, 911 S.W.2d 692, 695 (Mo.App.E.D.1995); see, e.g., Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 125 (Mo. banc 2010). Accordingly, shareholders of a corporation or members of an LLC, generally, are not liable for the debts of their corporation or LLC. Jackson v. O'Dell, 851 S.W.2d 535, 537 (Mo.App.W.D.1993) ("The corporation laws are designed to provide investors with protection from personal liability upon compliance with specific statutory provisions."). However, this protection (also known as "limited liability") that shareholders of a corporation and members of an LLC possess is not absolute. Mobius Mgmt., Sys., Inc. v. W. Physician Search, LLC., 175 S.W.3d 186, 188 (Mo.App.E.D.2005). Occasionally, courts will disregard the business entity's identity, and permit creditors to 'pierce the corporate veil,' which means that shareholders of a corporation or members of the LLC must satisfy creditors' claims. Frank H. Easterbrook, Limited Liability and the Corporation. 52 U. Chi. L.Rev. 89 (1985).

As a general rule, a limited liability company ("LLC") is considered a separate legal entity that is distinct from its members or owners, and members are generally not liable for the entity's debts. Hammett v. Atcheson , 438 S.W.3d 452, 461 (Mo. App. 2014). This protection from the LLC's debts, however, is "not absolute." Id. If a member/manager of an LLC is using the company for improper purpose, such as to avoid legal obligations, the court can "pierce the corporate veil" and find that member/manager personally liable for the company's debt. Id. Missouri law permits a court to "pierce the corporate veil" where the following factors are shown: (1) Control [meaning] complete

domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and (2) Such control must have been used by the corporation to commit fraud or wrong, to perpetrate the violation of statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and (3) The control and breach of duty must proximately cause the injury or unjust loss complained of. 66, Inc. v. Crestwood Commons Redevelopm't Corp., 998 S.W.2d 32, 40 (Mo. banc 1999). Put succinctly, if a member of an LLC has complete control of the company and uses that control to commit a wrongdoing that proximately causes an injury, then the individual member will be held liable for the LLC's debts. See id.

## DEFENDANTS' PROPOSED JURY INSTRUCTION 15

### Piercing of the Corporate Veil

Conversely, the doctrine permitting piercing of the corporate veil is based in equity and as such reaches the wrongful actions of defendants for which no adequate remedy at law exists. Under the latter theory, the dispositive inquiry is the defendants' intent or purpose. See May Department Stores Co. v. Union Electric Light Power Co., 341 Mo. 299, 107 S.W.2d 41, 55 (1937); Dillon, supra, at 383.

In other words, if defendant was acting for the corporation, plaintiff was unaware of such agency. . . . Thus, the instant case falls within the firmly-established doctrine that one who acts as agent for another in making a contract is liable individually if, at the time of making such contract, he fails to disclose his agency and the identity of his principal.

The Plaintiffs tried their case to the court alone or had they tried it to the jury on the basis of the undisclosed principal theory, we could not affirm the judgment.

The Plaintiffs failed to show an improper purpose in defendants' use of their corporation necessary to justify piercing the corporate veil. Clearly, the plaintiffs proceeded upon a theory not supported by the evidence. Ordinarily, under such circumstances.

## DEFENDANTS' PROPOSED JURY INSTRUCTION 16

### Material Breach

1(a) when a party commits a material breach the non-breaching party is excused from performing under the contract. <u>Campbell v. Shaw</u>, 947 S.W. 2d 128, 131 – 132 (Mo. App. 1997).

## **VERDICT FORM**

### **As to all Counts I - V**

On the claims of DRE HEALTH CORPORATION and AHMED "ISSAC" BAWANY, we the undersigned jurors find the claims to be barred under the "Limitation of Liability" provision in the September 2, 2021 SPA incorporated herein into the October 19, 2021 Addendum: (Check One):

_____ Yes

_____ No

If yes, proceed no further, and your verdict is for the Defendants, BERKLEY EQUITY LIMITED and ANTHONY LYONS.

If no, then you must answer the following, yes or no; did DRE HEALTH CORPORATION first breach material provisions of the SPA or Addendum

_____ Yes

_____ No

If yes, proceed no further, and your verdict is for the Defendants, BERKLEY EQUITY LIMITED and ANTHONY LYONS.

If no, you must then determine if the Defendants are entitled to liquidated damages of $150,000.00 per day since October 22, 2021 and is so, check yes

_____ Yes

_____ No

And then determine the amount of liquidated damages, if no proceed to further determine the remaining claims.