IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **DRE HEALTH CORPORATION,** | | |
| **Plaintiff,** | | |
| v. | | Case No.: 4:22-cv-00031-RK |
| **BERKLEY EQUITY LIMITED &** **ANTHONY LYONS,** | | |
| **Defendants.** | | |

### PLAINTIFF DRE HEALTH CORPORATION'S TRIAL BRIEF

Pursuant to the Court's Fifth Amended Scheduling and Trial Order [ECF No. 136] (the "Scheduling Order"), Plaintiff DRE Health Corporation ("DRE" or "Plaintiff") respectfully submits this trial brief to summarize for the Court the pending and/or anticipated legal, witness, and evidentiary issues in connection with the upcoming jury trial in this matter.

**I.  Legal Issues**

As a result of the Court's December 6, 2024 Order [ECF No. 217] (the "Summary Judgment Order") granting summary judgment in favor of DRE on its breach of contract claims and on Defendants Berkley Equity Limited's ("Berkley") and Anthony Lyons' ("Lyons" and together with Berkley, "Defendants") counterclaims,[1] the only issues for trial are: (i) the amount of additional damages DRE is entitled to as a result of Berkley's contract breaches, (ii) Defendants' liability for DRE's account stated claim and the actual damages DRE is entitled to for the claim, (iii) Defendants' liability for DRE's fraud-based claims and the actual and punitive damages DRE is entitled to for its fraud-based claims, (iv) Defendants' liability, including joint and several

---

[1] The Defendants filed a motion for reconsideration of the Summary Judgment Order, which was denied by the Court on January 6, 2025. ECF No. 248.

liability, for DRE's civil conspiracy claim and the actual and punitive damages DRE is entitled to for its civil conspiracy claim, (v) Lyons' personal liability for Berkley's and its agents' wrongdoing under the doctrines of piercing the corporate veil, alter ego, and agency, and (vi) Berkley's liability for Lyons' wrongdoing under the doctrines of *respondeat superior* and agency.

At the December 6, 2024 initial pre-trial conference, the Court explained to the parties that, as a result of the Summary Judgment Order:

> This is no longer a wide-open trial where all issues and all claims need to be discussed . . . The claims that are still at issue, are still in play have been narrowed significantly . . . I would want to start alerting the parties, the attorneys, but I think perhaps especially the parties themselves . . . this is not time to err [sic] all grievances and speak your peace, so to speak, because this case no longer involves all those issues and events . . . And that is a concern of the Court that we're not going to rehash what we've already decided.

*See* Transcript of December 6, 2024 Initial Pre-Trial Conference at 33:11-23. Particularly given Mr. Lyons' deposition testimony,[2] Defendants' continued attempts to rely on the "sham testimony" affidavit submitted by Mr. Lyons in response to DRE's summary judgment motion, and Defendants' recent filings,[3] DRE is concerned that Defendants will ignore the Court's directive and turn the trial into a "circus" during which Defendants will attempt to relitigate what this Court

---

[2] During his deposition, Mr. Lyons continued to assert that his money was "stolen" and continued to display no realistic view of this case and Defendants' liabilities to DRE. *See, e.g.*, Anthony Lyons August 21, 2024 Deposition Transcript, 96:10-12 ("No. I blame it on Isaac Bawany for stealing my money. Theft is theft. Fraudster is a fraudster. Theft is theft."); 119:13-15 (after testifying that he did not recall any correspondence with end buyers, testifying "[t]he only relevant thing is the fraud. The fraud is the money that was stolen from my pocket. Stolen."); 134:9-10 ("Well, I certainly want my 3 million back that was stolen and plus all my costs."); 138:1-5 ("Because I can't find [the alleged arbitration clause]. Had I been aware of the arbitration route, I wouldn't have spent $2 1/2 million in legal fees and wasted 2 1/2 years of my life."); 143:1-3 ("I focus today on the money that was stolen from my pocket. That was the absolute crux of this.").

[3] Defendants' filed an "Emergency" Motion to Dismiss and a Supplemental Motion to Dismiss late last week, which the Court denied on Monday, January 6, 2025 [ECF No. 249], before DRE filed its response to those Motions. The Motions were riddled with misleading claims and false accusations against Mr. Bawany and sought only to gratuitously bash Mr. Bawany including by referencing matters that this Court has already ruled cannot be introduced into evidence at trial. *See* ECF 210, 230 (granting DRE's Omnibus Motions *in Limine*).

has already decided and air irrelevant grievances. Just today, Defendants, without leave of Court, filed proposed jury instructions **nine days after the deadline** in the Scheduling Order that, among other issues, directly ignore the Court's directive on the scope of trial and several of this Court's orders, including the Summary Judgment Order, the Court's order granting DRE's Omnibus Motions *In Limine* [ECF No. 230], and the Court's order denying Defendants' motion for reconsideration [ECF No. 248]. Rather than abide by the Court's trial deadlines and multiple orders and timely file what they were required to file, Defendants instead spent the last week filing a frivolous motion to dismiss. This belated filing reflects the Defendants' disregard of the Court's prior findings and directives and the orderly conduct of the upcoming trial. DRE will substantively respond separately to Defendants' untimely jury instructions should they not be stricken. Accordingly, DRE respectfully requests that the Court admonish Defendants, including Mr. Lyons specifically, at the outset of trial outside of the presence of the jury and direct Defendants' counsel to ensure that their client and witnesses abide by the Court's procedures and prior rulings.

## II. Witness Issues

In addition to the above, DRE respectfully requests that the Court exclude the testimony of Jonathan Goodelman, Howard Witkin, and Ryan Wheeler who are not relevant to the issues that remain to be decided at trial.[4] As explained above, based on the Court's Summary Judgment Order, the only remaining issues for trial are DRE's entitlement to additional damages on its breach of contract claims; findings of liability on DRE's fraud-based, account stated, and conspiracy claims and DRE's entitlement to damages for these claims; and findings that Lyons is personally liable for Berkley's and its agents' wrongdoing and Berkley is similarly liable for Lyons'

---

[4] Defendants also listed "Stephen Forrest" on their amended witness list who Defendants own witnesses testified is a "fraudster" and whose real name is purportedly Howard Jaffe. Counsel for DRE has conferred with counsel for Defendants and counsel for Defendants has told counsel for DRE that Defendants will not be calling Mr. Forrest/Mr. Jaffe at trial.

wrongdoing. Despite this, Defendants listed three individuals on their amended witness list that do not have first-hand knowledge of the issues that remain for trial, and Goodelman and Wheeler have never been identified on Defendant's Federal Rule of Civil Procedure 26(a) disclosures.[5]

Federal Rule of Evidence 402 provides that only relevant evidence is admissible and specifically prohibits admission of irrelevant evidence. Rule 401 states that evidence is relevant if: (a) "it has any tendency to make a fact more or less probable than it would be without the evidence," and (b) "the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is properly excluded because its admission "could be misleading or confusing to the jury, improperly distracting the jury from matters actually at issue in this case." *Langenbau v. Med-trans Corp.*, 167 F. Supp. 3d 983, 1003–04 (N.D. Iowa 2016); *see also State v. Walden*, 490 S.W.2d 391, 393 (Mo. App. 1973) ("Irrelevant or immaterial evidence" is properly excluded "because its admission has a tendency to draw the jury's attention away from the issues it has been called upon to resolve.").

Even if evidence is relevant, however, courts may also exclude it "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 "protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis." *United States v. Myers*, 503 F.3d 676, 682 (8th Cir. 2007). In a similar vein, evidence may be properly excluded under Rule 403 when it could inject unnecessary collateral matters and thereby distract reasonable jurors from the actual issues in the case. *See Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1059 (8th Cir. 2005)

---

[5] On December 30, 2024, DRE, among other things, requested that Defendants provide a proffer of testimony for these three witnesses. Defendants did not substantively respond to this request and did not provide any proffers.

(upholding district court's decision excluding evidence which "would serve only to distract the jury from the key issues"); *see also United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.").

Furthermore, Federal Rule of Civil Procedure 26(a) states that "a party **must**, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(i) (emphasis added). Rule 26(e) requires a party to amend its initial disclosures "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R .Civ. P. 31(c)(1). The 1993 Advisory Committee Notes to the Rule explain that this provision operates as a "self-executing," "automatic" sanction and "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence" in a case. *Id.* The United States Court of Appeals for the Eighth Circuit held that delays in disclosing or supplementing discovery are not "substantially justified" when the reasonably could have been avoided. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759-60 (8th Cir. 2006) (identifying witness after deadline is prohibited when the party had "ample opportunity to develop" the issue and should have sought to supplement).

On March 10, 2023, Defendants served their Rule 26 initial disclosures. On November 19, 2022, Defendants served amended Rule 26 initial disclosures. Neither Mr. Goodelman nor Mr. Wheeler were listed on Defendants' original or amended disclosures.

On December 16, 2024, the Court granted as unopposed DRE's Omnibus Motions *In Limine* [ECF No. 230]. Motion *In Limine* No. 3 specifically requested that the Court exclude undisclosed witnesses and evidence. The Court's grant of Motion *In Limine* No. 3 bars Mr. Goodelman and Mr. Wheeler from testifying because neither were disclosed on Defendants' initial disclosures.

### A. Jonathan Goodelman

DRE understands that Mr. Goodelman of Cole Schotz is Defendants' prior counsel in this case, whose firm's representation of Defendants was terminated soon after the Court's denial of Defendants' summary judgment motion. DRE anticipates that if Mr. Goodelman were to be called to testify, he would refuse to answer any questions DRE poses based on the duty of confidentiality, attorney/client privilege, and/or attorney work product.

DRE and Defendants were previously in a dispute over the Defendants' improper assertion of the attorney-client privilege and attorney work product. Prior counsel had asserted privilege and withheld communications between prior counsel and non-parties, Messrs. Forrest, Matt Ortolani, and Max Dobi as well as withheld communications with no attorney participants. DRE raised this issue with Defendants' current counsel who confirmed that they were not asserting an attorney-client privilege with anyone except Mr. Lyons. As a result, DRE requested copies of the withheld communications.

In connection with a prior discovery dispute, Defendants were ordered to re-produce and/or produce anew any and all relevant documents and correspondence in this case. In these

productions, Defendants' counsel first claimed that the previously withheld communications were produced. Yet, based on DRE's review of the documents, no previously withheld communications appeared in the productions. DRE again requested these documents and/or requested Defendants identify which documents were previously withheld if they were in fact produced. Defendants' counsel then claimed that they produced all of the documents they had received from their clients and that Mr. Lyons no longer had access to these communications and had deleted them. To date, DRE has not received these previously and improperly withheld documents and communications.

The Court should exclude Mr. Goodelman from testifying because he has never been disclosed by Defendants as a person with discoverable information including on either party's Rule 26(a) disclosures (including as amended), he has no relevant information regarding the amount of additional damages suffered by DRE, Defendants have asserted attorney-client privilege over documents involving Mr. Lyons and Mr. Goodelman, and Mr. Goodelman will likely refuse to answer questions on the basis of the attorney-client privilege. In fact, DRE is unclear what Mr. Goodelman could actually testify about at trial as Defendants' exhibit list does not include a single document involving Mr. Goodelman. Further, this would set a dangerous precedent for attorneys who could later be subpoenaed and compelled to testify about their prior representations of clients in ongoing litigation matters. There is also a risk that the jury would give Mr. Goodelman's testimony undue weight similar to that of an expert because of his position as an attorney. Accordingly, the Court should exclude Mr. Goodelman from testifying.

### B. Howard Witkin

Like Mr. Goodelman, Mr. Witkin cannot offer any relevant testimony regarding the remaining issues for trial. DRE contends that Defendants and/or their agents fraudulently induced DRE into entering the SPA and Addendum with misrepresentations that Defendants had signed

agreements with end buyers, monies held in escrow with those end buyers, and an ability to pay for the over 7 billion masks Defendants contracted for under the SPA with DRE. DRE also contends that Defendants continued to fraudulently misrepresent that they would be imminently picking up and paying for the masks DRE produced and imported. Mr. Witkin was not involved in the early correspondence between the parties, any negotiations of the SPA or Addendum, or any correspondence regarding Defendants promises to pick up and pay.

As the Court is aware, Mr. Witkin is an inspector hired by Defendants to inspect the DRE masks at DRE's facilities. DRE anticipates that, despite the Court's finding that (i) masks were available but (ii) Berkley failed to pay for or pick up a single mask, Defendants intend to distract and confuse the jury with Mr. Witkin's testimony regarding his inspection of the masks and allegations that he was not permitted to tour the entire DRE facility—none of which is relevant as a result of the Court's Summary Judgment Order. Defendants attached to their opposition to DRE's summary judgment motion an affidavit signed by Mr. Witkin. In this affidavit, Mr. Witkin alleges that (i) he inspected "approximately twenty (20) trucks" of Chinese masks but was not provided access to view DRE's facilities and production line and (ii) he inspected "twenty (20) pallets of boxed United States of American manufactured [DRE] mask." ECF No. 195. Despite Mr. Witkin's observation of at least twenty trucks and twenty pallets, Mr. Witkin alleges "[t]here was only a minimal product." But none of the substance of Mr. Witkin's affidavit—whether it is supported by any evidence or not—is relevant to the remaining issues for trial. Rather, any testimony from Mr. Witkin would solely serve to relitigate issues already decided by the Court, confuse the jury, and prejudice DRE. Accordingly, the Court should exclude Mr. Witkin from testifying.

### C. Ryan Wheeler

In addition to Mr. Wheeler not being listed on Defendants' Rule 26 initial disclosures, Mr. Wheeler also lacks knowledge regarding anything relevant to the issues for trial. Mr. Wheeler's deposition transcript reveals that he did not have exposure to any of the facts or circumstances regarding the remaining issues for trial. Instead, Mr. Wheeler's testimony, and the testimony previously designated by Defendants, dealt with the mask machines, specifics about how many masks were in each box, production of gloves for other customers, and temporary workers hired by DRE to assist with its production of PPE. Therefore, his testimony has little to no probative value. Any testimony he could provide would be irrelevant and would confuse and mislead the jury. Accordingly, the Court should exclude him from testifying.

### III. Evidentiary Issues

In addition to the above, DRE respectfully requests that the Court strike Defendants' belated January 6, 2025 Second Amended Exhibit List [ECF No. 247]. Pursuant to the Scheduling Order and the Court's extended deadlines at the December 6 pre-trial conference, the parties' exhibit lists were due on December 13, 2024. Because Defendants' first exhibit list [ECF No. 226] violated the Court's rules and Rule 26(a)(3), DRE moved to strike the exhibit list on December 17, 2024 [ECF No. 223]. In response, Defendants filed their first amended exhibit list [ECF No. 237]. On January 6, 2025, without leave of Court or a request to extend the deadline in the Scheduling Order, Defendants filed the Second Amended Exhibit List [ECF No. 249]. Also, on January 6, 2025, the Court denied as moot DRE's motion to strike Defendants' original exhibit list [ECF No. 249] (the "January 6 Order").

Defendants' Second Amended Exhibit List includes a new Exhibit No. 31, which is purportedly a "Connor S. Blackham LinkedIn video regarding COVID." Exhibit No. 31 contains

no date and no Bates stamp.[6] To DRE's knowledge, Exhibit No. 31 has never been disclosed to DRE or produced in this litigation. Accordingly, the Court should strike the Second Amended Exhibit List for multiple reasons.

*First*, the Second Amended Exhibit List is untimely by twenty-four days, and Defendants neither requested leave to file nor can show good cause to amend the Scheduling Order to permit the late filing.[7] It would prejudicial to DRE to permit Defendants to introduce a new exhibit this late in the case, particularly one DRE has never seen.

*Second*, Defendants' Exhibit 31 violates the Court's order granting DRE's Omnibus Motions *In Limine* [ECF No. 230], specifically Motion *In Limine* No. 3, which requested a prohibition on Defendants presenting at trial any witness, legal theory, or evidence that was not disclosed during discovery [ECF No. 210]. As the Court noted in the order, Defendants' counsel "indicated that those motions in limine are unopposed." ECF No. 230. As noted above, o DRE's knowledge, Defendants' Exhibit 31 has never been produced in this litigation. Indeed, Exhibit 31 contains no Bates stamp indicating that it has been produced. Accordingly, the Court should strike the Second Amended Exhibit List, or at the very least, bar Defendants from introducing Exhibit 31 because it would violate the Court's motion *in limine* ruling.

*Third*, even if Exhibit No. 31 did not violate the Court's motion *in limine* order, it violates the Court's January 6 Order because, to DRE's knowledge, it has never been produced in this litigation. The Court denied as moot DRE's motion to strike subject to "(2) pursuant to Rules 26(a)

---

[6] In multiple other filings and during discovery dispute hearings, DRE has continuously raised Defendants' continued failure to abide by the Protocol for Electronic Discovery [ECF No. 27-1] entered in this case, which requires all parties to produce documents and information in this case with a proper Bates stamp.

[7] Federal Rule of Civil Procedure 16(b)(4) applies to amendments to scheduling orders and provides that scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). There is no good cause to permit Defendants to belatedly file their Second Amended Exhibit List because the exhibit added, Exhibit 31, violates the Court's order granting DRE's Omnibus Motions *In Limine*.

ad 37(c) of the Federal Rules of Civil Procedure, neither party will be permitted to use documents at trial that were not properly produced during discovery." Since Exhibit No. 31 was not produced previously, the January 6 Order bars its introduction at trial. Defendants did not produce the exhibit nor provide a copy to DRE. It would be highly prejudicial to DRE for Defendants to introduce an exhibit that, to date, has never been disclosed to DRE.

*Fourth*, even if Exhibit No. 31 were admissible, DRE believes it is likely entirely irrelevant to the remaining issues for trial. The description of Exhibit No. 31 simply states "Connor S. Blackham LinkedIn video regarding COVID." There is no date or other identifying information. Defendants did not provide DRE's counsel with a copy of the video. A video "regarding COVID" is almost certainly irrelevant to DRE's damages and DRE's fraud-based, accounts stated, and civil conspiracy claims. As a result of the Court's summary judgment order and the Court's order denying reconsideration [ECF No. 248], a video "regarding COVID" is irrelevant to the remaining issues and would be prejudicial to DRE. Accordingly, the Court should bar Defendants from introducing Exhibit No. 31 at trial.

Dated: January 8, 2025

Respectfully submitted:

**REED SMITH LLP**

<u>/s/ Nicholas R. Rodriguez</u>
JOSEPH J. TUSO (*Pro Hac Vice*)
WAYNE C. STANSFIELD (*Pro Hac Vice*)
NICHOLAS R. RODRIGUEZ (*Pro Hac Vice*)
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Email: jtuso@reedsmith.com
Email: wstansfield@reedsmith.com
Email: nrodriguez@reedsmith.com

AMY M. KERLIN (*Pro Hac Vice*)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Email: akerlin@reedsmith.com

DEVAN DAL COL (*Pro Hac Vice*)
2850 N Harwood St., Suite 1500
Dallas, TX 75201
Email: ddalcol@reedsmith.com


-and-


**JAMES SOBBA, LLC**

<u>/s/ *G. Edgar James*</u>
G. EDGAR JAMES (MO #49585)
4435 Main Street, Suite 910
Kansas City, Missouri 64111
Telephone: (816) 623-0544
ejames@jamessobba.com

*Attorneys for DRE Health Corporation*