**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| DRE HEALTH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERKLEY EQUITY LIMITED,<br>ANTHONY LYONS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:22-cv-00031-RK |

**ORDER**

Before the Court is Plaintiff/Judgment Creditor DRE Health Corporation's renewed motion for appointment of a receiver over the assets of Defendants/Judgment Debtors Anthony Lyons and Berkley Equity Limited. (Doc. 445.) The motion is fully briefed. (Docs. 446, 476,[1] 477.) Additionally, on October 6, 2026, Plaintiff/Judgment Creditor filed a motion for leave to file a supplemental reply to incorporate post-reply discovery productions provided by the defense. (Doc. 498.) Plaintiff/Judgment Creditor's motion for leave to file a supplemental reply is **GRANTED**. Plaintiff/Judgment Creditor's supplemental reply—filed at Doc. 498-1, with attachments—is therefore deemed filed. After careful consideration and review, and for the reasons explained below, the Court **ORDERS** that Plaintiff/Judgment Creditor's renewed motion for appointment of a receiver is **GRANTED**.

**Discussion**

The procedural posture and status of this case is well documented, and the Court will not restate it in detail here. As particularly relevant, on May 11, 2026, the Court denied Plaintiff/Judgement Creditor's initial request to appoint a receiver, recognizing (at that time) the "early post-judgment posture" in which the request for a receiver had been made. (Doc. 391 at 8.) The Court reasoned that much of the conduct by Defendant/Judgment Debtor Lyons supporting Plaintiff/Judgment Creditor's request for a receiver occurred at earlier stages of the litigation and

[1] Defendants/Judgment Debtors' motion for leave to file suggestions in opposition and two exhibits under seal, (Doc. 475), is **GRANTED**. Defendants/Judgment Debtors separately submitted an unredacted version of their suggestions in opposition to the Court along with unredacted versions of Exhibit 1 and Exhibit 2.

prior to the final judgment being entered in this matter (which awarded Plaintiff more than $165 million in breach-of-contract benefit-of-the-bargain damages). (*Id.*; *see also* Docs. 345, 374.) The Court also noted that by that point, DRE had largely not yet attempted to engage in post-judgment discovery. (*Id.*) The Court emphasized, however, that "[s]hould other methods of collection prove unsuccessful or if Defendants engage in future fraudulent, misleading, obstructive, or other intentional conduct in attempt to evade execution of the judgment, [Plaintiff/Judgment Creditor] may file additional motions for relief as it deems necessary." (*Id.* at 9 n.6.) That time has come.

As the Court previously recognized, "[a] receiver is an extraordinary equitable remedy that is only justified in extreme situations." *Aviation Supply Corp. v. R.S.B.I Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993). The Court considers the following factors to determine whether the appointment of a receiver is warranted: "[1] a valid claim by the party seeking the appointment; [2] the probability that fraudulent conduct has occurred or will occur to frustrate that claim; [3] imminent danger that property will be concealed, lost, or diminished in value; [4] inadequacy of legal remedies; [5] lack of a less drastic equitable remedy; and [6] likelihood that appointing the receiver will do more good than harm." *Id.* at 316-17. "[P]roof of fraud is not required . . . ." *Id.* at 317.

Since the Court's prior Order, Plaintiff/Judgment Creditor has attempted to use the various tools of post-judgment discovery to enforce and collect upon its valid judgment.[2] As reflected in Plaintiff/Judgment Creditor's renewed motion,[3] however, discovery that Defendants/Judgment Debtors have produced has (1) consistently failed to properly and timely disclose bank accounts and other assets (financial and otherwise); (2) directly contradicted or has brought into serious question the truthfulness of sworn trial testimony (or at least has raised a serious question of material consistency with prior testimony) and prior discovery responses; and (3) revealed material inconsistencies and attempts to conceal or delay discovery of relationships with certain trusts and

[2] Defendants/Judgment Debtors' appeal of the underlying judgment remains pending. Other than relying on the fact of the pending appeal, Defendants/Judgment Debtors do not meaningfully or substantively challenge the validity of the judgment for present purposes.

[3] While the Court focuses on the matters addressed in the parties' relevant briefing of this issue, the Court notes that the record otherwise—both before and after the filing of Plaintiff/Judgment Creditor's renewed motion to appoint a receiver—well-documents the difficulties Plaintiff has had in obtaining post-judgment discovery to which it is entitled in aid of executing the judgment entered in this case.

bank accounts, among other assets. At this stage and on this record, this is an extraordinary case in which a receiver is appropriate and necessary.

Defendant/Judgment Debtor Lyons' participation in discovery, for all the reasons set out in Plaintiff/Judgment Creditor's motion and as reflected on the extensive post-judgment discovery record, has consistently and continuously been obfuscatory and not entirely in good faith.[4] Defendants/Judgment Debtors' attempt to frame the matter at issue as simply a routine "discovery dispute" is belied by the record. For example, Defendants/Judgment Debtors suggest that the failure to disclose numerous bank accounts was merely the result of Lyons' "misunderstanding concerning the scope of his discovery obligations." This assertion is patently unpersuasive. Defendant/Judgment Debtor Lyons is a well-established and entirely sophisticated businessman; his counsel are equally sophisticated and capable lawyers. The attempted parsing of the discovery requests and the Court's discovery Orders in overly technical and difficult ways is simply unavailing and are indicative of the structured attempt to frustrate, obscure, and delay post-judgment discovery in this matter.[5]

As Plaintiff/Judgment Creditor persuasively demonstrates, transactions and other transfers completed during this litigation and more specifically within the interim post-judgment discovery period prior to delayed disclosure of bank accounts and other assets are consistent with and meaningfully demonstrate the attendant risk in this case that property is being concealed, lost, or diminished in value. Several bank accounts that were at least initially reported as "closed"—as

[4] Defendant/Judgment Debtor Lyons' litigation conduct—submitting a sham affidavit; presenting vague, evasive, and obfuscatory testimony; and utilizing other tactics to avoid or delay litigation processes and procedures—is relevant and informs the Court's decision here. Despite ample opportunity to participate fully in good faith, Defendant/Judgment Debtor Lyons continues to engage in obstructive conduct in this post-judgment discovery posture.

[5] The post-judgment discovery that continues to trickle in is exceedingly relevant and notable. Plaintiff/Judgment Creditor's supplemental reply makes this clear. As an additional example, the Court located within an *in camera* privilege log submission by the defense several documents—an email with an attached "proof of funds" and purchase order—that (1) did not appear to be privileged and (2) was not referenced in the privilege log itself as discovery that was withheld under any assertion of privilege. Defense counsel agreed at a discovery dispute hearing that this email and its attachments were not privileged but did not clearly indicate whether these documents had otherwise been produced to Plaintiff. Subsequently, the defense did produce them. (*See* Doc. 496.) The proof of funds was particularly relevant post-judgment discovery since it appeared to show a Citibank CitiBusiness account ending in -38 in the name of Berkley Equity Limited with a balance of more than $975 million for the statement period April 1-April 30, 2024. It was not clear that this bank account had previously been disclosed or produced. The defense has since (somewhat dubiously) indicated that "no such Citibank account actually exists," and that therefore the defense "has no account statements and related materials to produce." (*Id.*)

ongoing discovery continues to show—continue to engage in transactions. Defendants/Judgment Debtors submit various explanations for the ongoing transactions and suggest that the information gleaned is simply "unremarkable" for purposes of Plaintiff/Judgment Creditor's collection efforts because they reflect routine transactions. (Doc. 476 at 5.) Defendants/Judgment Debtors' post hoc explanations aside, their conduct is not how discovery is to function, particularly in post-judgment discovery involving a judgment of this magnitude and involving sophisticated parties and sophisticated counsel.

"A receiver may be appointed to protect a judgment creditor's interest in a debtor's property when the debtor has shown an intention to frustrate attempts to collect the judgment." *Aviation Supply Corp.*, 999 F.2d at 317 (internal quotation marks omitted). That standard is satisfied here. The Court finds that alternative remedies are unavailing; Defendants/Judgment Debtors have repeatedly failed to engage in discovery in good faith and have been noncompliant, misleading, and obstructive; and discovery that has been obtained by Plaintiff/Judgment Creditor documents significant relocations and transfers of assets and funds not only throughout this litigation but during the post-judgment period as well. Plaintiff/Judgment Creditor's supplemental reply persuasively demonstrates that the belated post-judgment discovery productions support even more (rather than dispel) this conclusion. The Court finds the likelihood that appointing the receiver will do more good than harm. Less drastic remedies have proven to be, and will continue to be, ineffective.

[remainder of page intentionally left blank]

## Conclusion

Accordingly, after careful consideration and review, the Court **ORDERS** that Plaintiff/Judgment Creditor's renewed motion to appoint a receiver, (Doc. 445), is therefore **GRANTED**. The Court will appoint a qualified receiver pursuant to Rule 66 of the Federal Rules of Civil Procedure and the Court's inherent equitable authority. The Court **FURTHER ORDERS** that:

(1) upon entry of this Order, and regardless of whether a receiver has yet been appointed, Defendants/Judgment Debtors and their agents, representatives, attorneys, and other persons acting in active concert or participation with them, upon actual notice of this Order, are **RESTRAINED and ENJOINED** from transferring, dissipating, encumbering, concealing, destroying, or disposing of any Property[6] or assets, whether directly or indirectly, in the United States or abroad, without court approval or (once appointed) as directed or conducted by the Receiver; and

(2) the parties must meet and confer within five (5) days of the date of this Order to identify and propose a qualified receiver candidate for the Court's approval. Absent extraordinary circumstances, no extension to this deadline will be granted. If the parties are unable to agree upon a qualified receiver candidate, the parties shall each submit their proposed receiver candidate, together with the candidate's qualifications and relevant experience, within seven (7) days of the date of this Order. The Court retains sole authority to select and appoint the Receiver.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 7, 2026

[6] "Property" refers to all real and personal property, tangible and intangible assets, accounts, investments, securities, trusts, entities, and interests of any kind held by, for the benefit of, or traceable to Anthony Lyons and Berkley Equity Limited, wherever located and by whomever held.