**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| DRE HEALTH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERKLEY EQUITY LIMITED,<br>ANTHONY LYONS,<br><br>Defendants. | ) | Case No. 4:22-cv-00031-RK |

**ORDER**

In this Order, the Court takes up two post-judgment motions to stay filed by Defendants/Judgment Debtors Berkley Equity Limited and Anthony Lyons (1) a motion to stay post-judgment enforcement and to waive the requirement of a supersedeas bond, (Doc. 426), and (2) a motion to stay the October 7, 2026 Order granting Plaintiff/Judgment Creditor DRE Health Corporation's renewed motion for a receiver, (Doc. 503). The motions are fully briefed. (Docs. 427, 444, 465, 508, 512.) After careful consideration and review, and for the reasons discussed below, the Court **ORDERS** that both motions to stay are **DENIED**.

The Court **FURTHER ORDERS** that (1) Plaintiff/Judgment Creditor's motion to strike, (Doc. 522), as to Defendants/Judgment Debtors' "supplemental suggestions in further support" of the motion to stay post-judgment enforcement and to waive supersedeas bond, (Doc. 513), although well-founded, is **DENIED**; and (2) the October 7, 2026 Order as supplemented, (Docs. 501 & 504)—specifically the provision regarding Defendant/Judgment Debtor Anthony Lyons' authorization to pay certain living expenses and reasonable attorney fees—will continue and remain in place following the Court's appointment of a receiver and may be modified by the Court either (1) upon motion by any party or (2) at the request of the appointed receiver upon notice to the parties.

**Discussion**

**I. Defendants/Judgment Debtors' Motion to Stay Post-Judgment Enforcement and to Waive Supersedeas Bond Requirement (Doc. 426)**

At first glance, Defendants/Judgment Debtors' motion to stay post-judgment enforcement pending appeal appears to be twofold—first, as seeking a stay of execution of the money judgment

relying on the traditional stay factors;[1] and second, as seeking a waiver of the supersedeas bond requirement for a stay as generally required under Rule 62(b) of the Federal Rules of Civil Procedure. Whether the traditional stay factors apply here or not (i.e., in the context of a request to stay execution of a money judgment pending appeal),[2] for the reasons explained below, the Court is not persuaded that full and complete waiver of a supersedeas bond to obtain a stay of execution pending appeal as requested is warranted or appropriate in this case. The Court therefore begins and ends with Rule 62(b).

A stay pending appeal is governed by Rule 62 of the Federal Rules of Civil Procedure. Rule 62(b) of the Federal Rules of Civil Procedure provides: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Under this rule, "a party is entitled to a stay of a money judgment as a matter of right upon posting a bond or security." *Loring v. United States*, No. CIV 18-4034, 2020 WL 13564890, at *1 (D.S.D. July 20, 2020) (internal quotation marks omitted); *see also Dockendorf v. Dakota Cnty. State Bank*, 673 F.2d 961, 967 (8th Cir. 1981) (recognizing that the district court "could in its discretion stay execution on the Bank's assets, pending appeal to this court, effective upon the Bank's posting of a supersedeas bond"). The purpose of this rule—and the requirement of a supersedeas bond—"is to [e]nsure that the appellant will pay the judgment if it is affirmed on appeal." *Luckert v. Dodge County*, No. 8:07CV5010, 2011 WL 13128689, at *2 (D. Neb. Jan. 11, 2011); *see In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) ("The purpose of the [supersedeas-bond] rule is to ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed.'" (quoting *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir. 1997))).

[1] That is, (1) likelihood of success on the merits of their appeal, (2) irreparable harm absent appeal, (3) whether a stay will substantially injure other parties with an interest in the proceeding, and (4) the public interest. *See Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011).

[2] The Second Circuit, for example, has held that the traditional stay factors do not apply to cases involving only monetary damages (rather than a judgment granting injunctive or equitable relief). *See, e.g.*, *Marsh & McLennan Agency LLC v. Ferguson*, No. 19-CV-3837 (VSB), 2026 WL 2085540, at *2 (S.D.N.Y. July 20, 2026) (applying *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417-18 (2d Cir. 2015)).

"A supersedeas bond for the full amount of judgment, interest and costs is the normal amount required to merit a stay" of execution of a money judgment pending appeal. *Hopfinger v. Kidder Int'l, Inc.*, 827 F. Supp. 1444, 1452-53 (W.D. Mo. 1993). The Court may, in its discretion, "authorize unsecured stays in cases it considers appropriate." *Id.*; *see Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir. 1986) (recognizing that the district court in the first instance has the "[r]esponsibility for deciding whether to require a bond as a condition of staying execution of the judgment pending appeal"). In determining whether the Court should exercise its discretion to authorize an unsecured stay—in other words, whether to waive the supersedeas bond requirement—the Court considers various factors, including:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an unsecure position.

*Equal Emp. Opportunity Comm'n v. Drivers Mgmt., LLC*, No. 8:18-CV-462, 2024 WL 3758016, at *1 (D. Neb. Aug. 12, 2024) (internal quotation marks omitted); *see In re Carlson*, 224 F.3d 716, 719 (7th Cir. 2000) ("[o]rdinarily a party is entitled to a stay pending appeal only by posting an appropriate bond," a requirement which is subject to waiver by the district court "if the appellant has clearly demonstrated [its] ability to satisfy the judgment in the event the appeal is unsuccessful and there is no other concern that the appellee's rights will be compromised by a failure adequately to secure the judgment"). The supersedeas bond requirement may be waived in consideration of "an acceptable alternative means of securing the judgment." *In re Nassau Cnty. Strip Search Cases*, 783 F.3d at 417 (internal quotation marks omitted).

Defendants/Judgment Debtors argue that a "confluence of factors" in this matter make this an extraordinary case in which an unsecured stay or full waiver of the supersedeas bond requirement is appropriate, notwithstanding their admitted questionable ability (if not inability) to satisfy the judgment in this case. (*See* Doc. 427 at 16 (acknowledging that "the discretion to waive a bond is often exercised where the judgment debtor's ability to pay is undoubted—which is admittedly not Defendants' situation").) The Court is not persuaded. First, Defendants/Judgment Debtors cite the "complexity of the collection process" given that Defendant/Judgment Debtor Berkely Equity Ltd. is a "shell company" and that Defendant/Judgment Debtor Anthony Lyons is

a non-U.S. citizen residing in the Bahamas with principally "illiquid" assets located outside the United States. (*Id.* at 17.) Their argument that "[t]here are . . . no liquid assets that can easily be used to pay for a bond," (*id.*), in this case weigh in favor of, not against, retaining the bond requirement here. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 649 (S.D.N.Y. 2018) ("[T]he bond requirement will not be waived solely on the basis that it will pose a severe financial hardship on the appellant," and "[i]n fact, a concession of inability to pay is often determinative in this inquiry." (internal quotation marks and citations omitted)). The same is true of Defendants/Judgment Debtors' suggestion that "structural obstacles" to paying a bond in this matter, arising from Defendant/Judgment Debtor Lyons' ongoing U.K. bankruptcy proceedings, for example, weigh in favor of allowing an unsecured stay. Other than this broad assertion, Defendant/Judgment Debtor Lyons does not attempt to explain with any level of detail the contours or scope of the U.K. bankruptcy estate and his assets that could be used to secure a bond in this matter. At most, he states that his "current assets are already subject" to the U.K bankruptcy proceedings. It is not clear to the Court what those assets are or whether Defendant/Judgment Debtor Lyons has assets outside the scope of the U.K. bankruptcy proceedings. Defendant/Judgment Debtor Lyons does not identify assets (liquid or illiquid) that would be used to obtain a supersedeas bond in this matter to the potential detriment of his other creditors. Even accepting that there may be some "structural obstacles" to obtaining a supersedeas bond in this case, the Court is unpersuaded that this factor weighs in favor of permitting an unsecured bond in the circumstances of this case.

In the motion to stay, Defendants/Judgment Debtors primarily seek to obtain an unsecured stay or full waiver of the bond requirement. Waiving the bond requirement jeopardizes Plaintiff/Judgment Creditor's ability to collect its judgment should it prevail on appeal. Unlike many of the cases which they cite, Defendant/Judgment Debtors do nothing to demonstrate with any degree of reliability that they have any ability to pay the judgment in this case should the judgment be affirmed on appeal. The Court is unpersuaded by Defendants/Judgment Debtors' "all-or-nothing" approach to this issue, and declines to waive the supersedeas bond requirement or to permit an unsecured stay of execution pending appeal in this particular case.

To the extent Defendants/Judgment Debtors include an alternative request for "a substantially reduced bond" (rather than full and complete waiver of the bond requirement), they do so without any meaningful analysis, argument, or specific thought put to suggesting an

appropriate reduced bond that serves the purpose of Rule 62(b). Defendants/Judgment Debtors have the burden on this matter as the party seeking an exception to the general rule under Rule 62(d). *See Sabre GLBL, Inc. v. Shan*, No. 15-cv-8900, 2018 WL 4350279, at *3 (D.N.J. Sept. 12, 2018). A reduction from the full supersedeas bond amount "requires a balancing of the equities," that is, "the likelihood of irreparable injury to the judgment debtor, and on the other [hand], the likelihood that the reduction in the bond amount would unduly endanger the judgment creditor's rights." *Harris v. City Cycle Sales, Inc.*, No. 21-CV-2264-EFM, 2023 WL 4930268, at *2 (D. Kan. Aug. 2, 2023).

Following judgment in this case, Defendants/Judgment Debtors initially maintained, as they acknowledge here, that "[t]hey were . . . prepared to receive [Plaintiff/Judgment Creditor]'s enforcement efforts" and they suggest that they have "since then participated in Rule 69 discovery in good faith." (Doc. 427 at 5.) Now, Defendants/Judgment Debtors have altered or somewhat reversed course (a familiar theme throughout this litigation). Moreover, as outlined in various other Orders and as the post-judgment discovery record and voluminous briefing on post-judgment issues supports, Defendants/Judgment Debtors have not participated in all post-judgment discovery in good faith. The collection process for this case—as demonstrated by Plaintiff/Judgment Creditor's efforts in attempting to enforce the judgment to date—is complex, not only because of the realities of Defendants/Judgment Debtors' financial positions or characteristics but also because of Defendant/Judgment Debtors' Lyons established failure in large part to participate in post-judgment discovery in good faith and with candor.

As set out above, the Court does not find that an unsecured stay is appropriate or warranted in this case. Unlike many of the cases which they cite, Defendant/Judgment Debtors do nothing to demonstrate with any degree of reliability that they have any ability to pay the judgment in this case should the judgment be affirmed on appeal. Some security is required. Defendants/Judgment Debtors neither propose in good faith nor thoughtfully consider any substitute security or a reduced bond amount that would be sufficient in this case to serve the purposes of the supersedeas bond requirement. Defendants/Judgment Debtors' motion to stay post-judgment enforcement and waive supersedeas bond, (Doc. 426), is accordingly **DENIED**. [3]

[3] While Defendants/Judgment Debtors' motion to stay post-judgment enforcement remained pending, Defendants/Judgment Debtors filed an additional or "supplemental suggestions in further support" of the motion to stay and to waive the supersedeas bond requirement. (Doc. 513.) The supplemental filing is somewhat difficult to follow and procedurally unmoored, as Plaintiff/Judgment Creditor's motion to

## II. Defendants/Judgment Debtors' Emergency Motion to Stay the Court's Order Granting a Receivership (Doc. 503)

In the second motion to stay, Defendants/Judgment Debtors seek the following relief:

(1) to stay the Court's October 7, 2026 Order granting a receivership, (Doc. 501), pending appeal of that Order,[4] or alternatively,

(2) to "reconsider and clarify or modify the restraint and injunction" to allow Defendant/Judgment Debtor Lyons to pay reasonable living expenses and attorney fees without Court approval. (Doc. 503 at 1; *see id.* at 11 (seeking as alternative relief that "the Court should clarify and modify the freeze it imposed on the Defendants' assets to permit Mr. Lyons to pay for reasonable living expenses and his attorney fees").

The legal principles for a stay in the nature requested here are well established.

> A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of hat discretion.

---

strike, (Doc. 522), emphasizes. Even if leave to file supplemental suggestions had been properly sought by Defendants/Judgment Debtors, the Court observes that the supplemental filing purports to be in support of the motion to stay post-judgment enforcement based on assertedly (but somewhat misleadingly) *recent* developments or disclosures in this matter, principally concerning Plaintiff/Judgment Creditor's financial interest in the judgment in the context of a "years ago" transfer of a portion of Plaintiff's interest in this litigation to a third-party litigation financing firm (a fact which defense counsel acknowledges is not subject to any "freestanding disclosure obligation" to the Court). At the same time, Defendants ask that Plaintiff/Judgment Creditor's post-judgment discovery efforts be suspended if the Court's Order granting the motion for receiver is not stayed. The issue of receivership is the subject of an entirely different motion with entirely different (and already completed) briefing than the motion they purport to file a supplemental brief in support (the motion to stay post-judgment enforcement and to waive the supersedeas bond requirement). Defendants/Judgment Debtors' supplemental filing largely parrots the reply brief filed in support of their motion to stay the receivership Order. The supplemental filing as to the motion to stay post-judgment enforcement and to waive supersedeas bond is largely unhelpful, procedurally ambiguous, and confusing to the issues for that motion. Although problematic for various reasons, the Court declines to exercise its inherent authority to strike the filing. The supplemental filing does not change the Court's conclusion that an unsecured stay is not appropriate in this case and that the supersedeas bond requirement will not be waived to obtain a stay of execution pending appeal. Plaintiff's motion to strike, (Doc. 522), is therefore **DENIED**. However, the Court cautions Defendants/Judgment Debtors that the parties are expected to engage in procedurally proper and orderly litigation practice as established by applicable rules, established procedures, and the law, as this case continues.

[4] As of the date of this Order, Defendants/Judgment Debtors do not appear to have taken any action to appeal or seek other relief from the Eighth Circuit as to the Court's October 7, 2026 Order granting Plaintiff/Judgment Creditor's renewed motion to appoint a receiver.

*Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (quotation modified; internal quotation marks and citations omitted). The four factors the Court considers are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at 434 (internal quotation marks omitted). "The first two factors . . . are the most critical." *Id.* Showing "more than a mere possibility of relief is required" as to the first factor, and showing more than "some possibility of irreparable injury" is required as to the second factor. *Id.* (internal quotation marks omitted).

Defendants/Judgment Debtors' primary argument supporting their request for a stay is that the Court's October 7, 2026 Order "is overly broad and fails to account for the irreparable harm it imposes on Defendants as they appeal" the underlying judgment. (Doc. 403 at 1.) They principally argue that the Order is overly broad because it does not allow for payment of Defendant/Judgment Debtor Lyons' basic living expenses or reasonable attorney fees. To the contrary, the October 7, 2026 Order expressly prohibited transactions of Defendants/Judgment Debtors' property and assets "without court approval . . . ." (Doc. 501 at 5.) Pursuant to this provision, and following Defendants/Judgment Debtors' emergency motion, the Court ordered that "until a receiver has been selected and appointed, Defendant/Judgment Debtor Anthony Lyons is authorized to and may engage in financial transactions from covered funds to pay any reasonable living expense that does not exceed $5,000, in addition to payment of reasonable attorney fees, and shall keep a log of all such financial transactions." (Doc. 504 at 1.) In their reply brief, filed after this supplemental Order, Defendants/Judgment Debtors take no issue with this aspect of the October 7, 2026 Order as supplemented and instead agree that "the Court has remedied" this issue, which was the main thrust of the emergency motion to stay. (Doc. 512 at 2.) The first and second factors therefore, at this juncture, weigh against granting a stay, considering the limited grounds raised in the motion to stay which were effectively addressed in the supplemental Order.

As to the third factor, Defendants/Judgment Debtors assert that "there is no evidence suggesting that Defendants are, or imminently will be, insolvent." (Doc. 503 at 9.) For the reasons explained in Plaintiff/Judgment Creditor's response, particularly given that a money judgment has been entered and considering the post-judgment discovery history in this case, the pre-judgment preliminary injunction case cited by Defendants/Judgment Debtors, *King Spider LLC v. Panda*

*(Hong Kong) Tech. Co.*, No. 24-CV-2668 (JGLC), 2025 WL 252655 (S.D.N.Y. Jan. 21, 2025), is distinguishable and not persuasive. As the party seeking a stay, Defendants/Judgment Debtors must show that the stay will not substantially injure Plaintiff/Judgment Creditor's interest in the receivership, the specific order they seek to stay. They do not attempt to do so.[5]

In their reply, Defendants/Judgment Debtors add two additional theories supporting the requested stay of the October 7, 2026 Order as supplemented. The first theory suggests that Plaintiff/Judgment Creditor cannot be harmed by a stay of the receivership Order because it has a limited actual financial interest in the judgment, having previously transferred some portion of its interest to a third-party and having entered a contingency fee arrangement with its counsel, reducing its actual or direct financial interest in the judgment entered in this case. The Court is not persuaded by this analysis at this juncture. At a minimum, Plaintiff/Judgment Creditor appears to maintain some individual or direct financial interest in the judgment in this case. Because of the complexity of the enforcement efforts encountered in this case, the Court is not persuaded that a stay of the receivership Order would not injure Plaintiff/Judgment Creditor's interests.

Second, Defendants/Judgment Debtors suggest that "restitution after reversal is limited once parties have passed to third-party recipients," and therefore the harm it would suffer from the receivership could not be undone if the judgment is reversed on appeal. In support of this argument, Defendants/Judgment Debtors cite a case, *Mohamed v. Kerr*, 91 F.3d 1124 (8th Cir. 1996), which recognized that "equity will not compel restitution from a third party who receives monies, in good faith, from the initial judgment creditor in payment of a debt." *Id.* at 1126 (holding that an attorney paid pursuant to a contingent fee arrangement prior to resolution of an appeal in that case was under a duty to restore the amount received by him after the judgment was ultimately reversed). Defendants/Judgment Debtors' citation to *Mohamed* for this general proposition is largely unhelpful. Their argument presumes that any creditors or other third-parties who receive any monies under this judgment through the receivership would be entitled to the good-faith payee exception recognized in *Mohamed*. It is not clear that this would be true, particularly to the third-party litigation funder or Plaintiff/Judgment Creditor's counsel under a contingency-fee

[5] Moreover, the suggestion that there is no evidence that Defendants are, or will be, insolvent is somewhat perplexing given the established record in this case. Defendant/Judgment Debtor Berkley Equity Limited is a shell company with no assets. Defendant/Judgment Debtor Lyons is the subject of a U.K. bankruptcy proceeding involving a claim for $35 million, and post-judgment discovery produced by Lyons reports only limited assets or monies available to satisfy the judgment in this case.

agreement. Other than relying on this broad presumption, Defendants/Judgment Debtors do not consider how this principle of law applies in this case for the "third-party recipients" they identify in their motion to stay. They bear the burden as the party seeking a stay; relying on a broad presumption or statement of the law without any real analysis or consideration does not satisfy that burden. Nor does Defendants/Judgment Debtors' suggestion that Plaintiff/Judgment Creditor "continues to have every remedy a judgment creditor has" and that "it continues to be otherwise able to pursue execution." (Doc. 512 at 3.) This reasoning is unpersuasive for all the reasons the Court found that a receivership was appropriate and necessary in this case.

As to the fourth factor, the public interest, Defendants/Judgment Debtors argue in part that the Order granting a receivership "failed to consider whether freezing the Defendants' assets . . . could undermine the United States' diplomatic relations with other countries." (Doc. 503 at 10.) Defendants/Judgment Debtors did not previously make this specific argument in opposing Plaintiff/Judgment Creditor's renewed motion for a receivership. Nor is it supported in their briefing here by legal authority other than citation to a recent law review note. In the initial motion to stay, they also principally argued that the receivership order is contrary to public policy "in that it effectively bars Mr. Lyons from paying necessary household expenses and his attorneys." (Doc. 503 at 10.) Following the Court's supplemental Order, this concern is alleviated and no longer at issue.

In their reply, Defendants/Judgment Creditors also suggest that their likelihood of success on the merits of the underlying appeal (which they do not attempt to explore or analyze in any great detail or analysis) supports a finding that the public interest lies in favor of staying the receivership Order. This argument, however, principally relies on the proposition that "what a receiver has collected and distributed in the meantime will not come back," (Doc. 512 at 5), which, again, Defendants/Judgment Creditors do not adequately demonstrate under the applicable legal principles and established law for the particular facts in this case. For this matter, the Court finds that the public interest in this case lies in favor of the enforceability of and ensuring good-faith compliance with the Court's judgments and orders and therefore against a stay of the receivership Order.

For these reasons, the Court declines to stay—whether temporarily or in full—the October 7, 2026 Order as supplemented. With the sole exception below, the Court additionally declines at this juncture to reconsider or modify the October 7, 2026 Order as supplemented to the extent

discussed or requested by both parties in the briefing of this emergency motion to stay. The prior October 7, 2026 Order as supplemented remains in place except that the Court **ORDERS** that the authorization granted in the supplemental Order, (Doc. 504)—that is, that Defendant/Judgment Debtor Lyons may "engage in financial transactions from covered funds to pay any reasonable living expense that does not exceed $5,000, in addition to payment of reasonable attorney fees" and must "keep a log of all such financial transactions"—will continue and remain in place following the Court's appointment of a receiver and may be modified by the Court either (1) upon motion by any party or (2) at the request of the appointed receiver upon notice to the parties. Defendants/Judgment Debtors' emergency motion to stay the Court's Order granting Plaintiff/Judgment Creditor's motion, (Doc. 503), is **DENIED**.

**Conclusion**

Therefore, after careful consideration and review, and consistent with the above, the Court **ORDERS** that (1) Defendants/Judgment Debtors' motion to stay post-judgment enforcement and waive supersedeas bond, (Doc. 426), and (2) Defendants/Judgment Debtors' motion to stay the October 7, 2026 Order as supplemented, (Doc. 503), are **DENIED**.

The Court **FURTHER ORDERS** that (1) Plaintiff/Judgment Creditor's motion to strike, (Doc. 522), Defendants/Judgment Debtors' "supplemental suggestions in further support" of the motion to stay post-judgment enforcement and to waive supersedeas bond, (Doc. 513), although well-founded, is **DENIED**; and (2) the October 7, 2026 Order as supplemented, (Docs. 501 & 504)—specifically the provision regarding Defendant/Judgment Debtor Anthony Lyons' ability to pay certain living expenses and reasonable attorney fees—will continue and remain in place following the Court's appointment of a receiver and may be modified by the Court either (1) upon motion by any party or (2) at the request of the appointed receiver upon notice to the parties.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 22, 2026