**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| DRE HEALTH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERKLEY EQUITY LIMITED, ANTHONY LYONS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:22-cv-00031-RK |

**ORDER**

Before the Court is Plaintiff DRE Health Corporation's ("DRE Health") Petition for Attorneys' Fees and Costs, (Doc. 366), following the Court's omnibus post-judgment Order that, in relevant part, granted Plaintiff DRE Health's motion to sanction Defense Counsel Stuart N. Kaplan and his law firm, Stuart N. Kaplan, P.A., (*see generally* Doc. 345). Attorney Kaplan filed a response in opposition to the fee petition, (Doc. 383), and Plaintiff DRE Health filed a reply, (Doc. 390). After careful consideration and review, and consistent with the omnibus post-judgment Order granting sanctions, the Court imposes as a sanction against Attorney Kaplan and Stuart N. Kaplan, P.A., jointly and severally, $305,564.64, for a portion of legal fees and costs Plaintiff incurred during the 10-day jury trial as well as legal fees incurred in preparing the fee petition, as set out below.

**Discussion**

The Court previously found that Attorney Kaplan and his law firm, Stuart N. Kaplan, P.A. are subject to sanctions under 28 U.S.C. § 1927 and the Court's inherent authority for the well documented bad faith and vexatious misconduct by Attorney Kaplan throughout the entirety of the January 2025 jury trial in this case. (*See* Doc. 345 at 52-99; *see also* Doc. 345-1 (Appendix—"Chart of Trial Misconduct").) Regarding Plaintiff DRE Health's motion to sanction, the Court found that Attorney Kaplan's misconduct—broadly, including shifting defense theories, failing to answer the Court's questions, unprofessional and rude conduct, poor knowledge of important facts, challenging or ignoring stipulated facts, violating the Court's *in limine* order, violating the Court's orders during trial, and relitigating summary judgment—vexatiously multiplied the proceedings and unnecessarily prolonged the jury trial. The Court incorporates the relevant portion of its prior

Order here and does not restate the prior findings supporting the Court's judgment that attorney sanctions are necessary, appropriate, authorized, and well founded in this case. The sole issue now before the Court is to determine the appropriate amount of a sanction to be imposed. (*See* Doc. 345 at 98-99 (noting that a supplemental order would be required to determine the appropriate sanction to be imposed).)

As the Court previously recognized, sanctions are intended to "compensate opposing parties for the fees they incurred as a result of the attorney's misconduct." *Vallejo v. Amgen, Inc.*, No. 8:14CV50, 2017 WL 3037391, at *5 (D. Neb. May 30, 2017). In doing so, "a sanctioning court must make an effort to isolate the additional costs and fees incurred by reason of [sanctionable] conduct." *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 446 (8th Cir. 2001). However, the Eighth Circuit has recognized that because that "task is inherently difficult, . . . precision is not required." *Id.* The parties agree that the Court's analysis should begin with the "lodestar" method of calculating attorney fees, which considers "the number of hours reasonably expended" multiplied by "reasonable hourly rates." *Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 93 F.4th 408, 420 (8th Cir. 2024) (internal quotation marks omitted; calculating an award of attorney fees in general).

In its fee petition, Plaintiff DRE Health seeks a total sanctions award of almost $1.2 million in legal fees and costs incurred in the 10-day jury trial as well as legal fees to prepare the fee petition, supported by affidavits and billing records. In his opposition, Attorney Kaplan focuses on two areas of dispute—the reasonableness of the hourly rates billed by plaintiff counsel and legal support staff and the proper measure of those fees and costs incurred as a result of Attorney Kaplan's trial misconduct.

The Court first considers the appropriate and reasonable hourly rate. Generally, "a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated." *Jet Midwest Int'l Co.*, 93 F.4th at 420 (internal quotation marks omitted). In determining a reasonable hourly rate, the Court "may rely on [its] own experience and knowledge of prevailing market rates." *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019). This case is somewhat unique in that Plaintiff's trial team consists of both out-of-state counsel as well as local Kansas City, Missouri-based counsel. Plaintiff's Kansas City-based counsel seeks an hourly rate of $445 per hour. Out-of-state counsel seek hourly rates of $1,195 per hour for an equity partner with similar years' experience as Kansas City-based

counsel; $990 per hour for a non-equity partner with less years' experience; and rates between $660 and $820 per hour for associates, ranging from one to seven years' experience.

The Court appreciates the different nature of the legal practice and the firms making up Plaintiff's trial team: Kansas City-based counsel is a boutique law firm with a nationwide legal practice while out-of-state counsel is an AmLaw 50 law firm with an international legal practice. For purposes of considering a proper attorney sanction, the Court concludes that Kansas City-based counsel's hourly rate reflects a reasonable hourly rate in this particular legal market. *See Moysis v. DTG Datanet*, 278 F.3d 819, 829 (8th Cir. 2002) (recognizing that, generally, "a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated" (internal quotation marks omitted)). Considering counsels' experience and skill, and the nature of this high-stakes commercial litigation involving a $165 million contract dispute, the Court finds the following hourly attorney rates are reasonable for purposes of considering a sanction against Attorney Kaplan and Stuart N. Kaplan, P.A.:

| **Attorney** | **Title** | **Reasonable Hourly Rate** | **Trial Hours Billed**[1] | **Attorney Cost** |
|---|---|---|---|---|
| Stansfield | Partner | $550 | 188.4 | $103,620 |
| Rodriguez | Partner | $455 | 168.3 | $76,576.50 |
| James | Member | $445 | 137.6 | $61,232 |
| Kerlin | Associate | $380 | 189.5 | $72,010 |
| Dal Col | Associate | $365 | 179.0 | $65,335 |
| Smith | Associate | $345 | 118.0 | $40,710 |
| Carr | Associate | $345 | 88.4 | $30,498 |
| Speitel | Associate | $305 | 122.8 | $37,454 |
| **TOTAL ATTORNEY TRIAL COST** | | | | **$487,435.50** |

As for professional legal support staff, the Court similarly finds that hourly rate for the Senior Paralegal with 22 years' experience for Kansas City-based counsel ($195) provides a reasonable benchmark for professional legal support services in this legal market. The Court finds the following professional legal support staff hourly rates are reasonable for purposes of considering a sanction against Attorney Kaplan and Stuart N. Kaplan, P.A.:

[1] Attorney Kaplan does not argue that the attorney hours billed for the 10-day jury trial are unreasonable; the Court finds that the attorney-hours billed are reasonable for the 10-day jury trial.

| Legal Professional | Title | Reasonable Hourly Rate | Trial Hours Billed[2] | Cost |
|---|---|---|---|---|
| Stahl | Senior Paralegal | $195 | 34.4 | $6,708 |
| Anderson | Analyst | $255 | 130.4 | $33,252 |
| **TOTAL PROFESSIONAL LEGAL SUPPORT TRIAL COST** | | | | **$39,960** |

As to legal fees incurred in drafting the fee petition, the Court will utilize the same reasonable hourly rates determined above:

| Attorney | Title | Reasonable Hourly Rate | Fee Petition Hours Billed[3] | Attorney Cost |
|---|---|---|---|---|
| Stansfield | Partner | $550 | 1.10 | $605 |
| Rodriguez | Partner | $455 | 10 | $4,550 |
| James | Member | $445 | 1.5 | $667.50 |
| Dal Col | Associate | $365 | 14.4 | $5,256 |
| Carr | Associate | $345 | 28.2 | $9,729 |
| Speitel | Associate | $305 | 0.6 | $183 |
| Stahl | Senior Paralegal | $195 | 1.4 | $273 |
| **TOTAL FEE PETITION LEGAL COST** | | | | **$21,263.50** |

[2] Attorney Kaplan does not argue that the professional legal support staff hours billed for the 10-day jury trial are unreasonable; the Court finds that the professional legal staff hours billed are reasonable for the 10-day jury trial.

[3] Attorney Kaplan does not dispute the reasonableness of the attorney hours billed to prepare the fee petition. (Doc. 383 at 10 (expressly acknowledging that the hours billed are "not unreasonable in terms of the amount of hours incurred").) Instead, he argues only that the hourly rates billed are unreasonable and that Attorney Kaplan should not pay the entirety of the fees billed to prepare the fee petition because the fee petition asks for fees incurred for the entire trial itself as a measure of the costs Plaintiff incurred due to Attorney Kaplan's misconduct. The Court is not persuaded by the latter argument and will include the full amount of legal cost to prepare the fee petition. As noted below, the Court would be well-within its discretion to impose the entirety of fees and costs incurred for the 10-day jury trial as sanction for Attorney Kaplan's misconduct that infected the entirety of the trial from the start and which the Court found required a new trial on the fraud counts. However, in exercising its vast discretion in this area, the Court imposes as a sanction approximately one-half of the trial cost to the extent that Attorney Kaplan's vexatious and bad faith conduct before the Court extended what the parties had reasonably and fairly estimated at the outset to be a 5-day jury trial turned into a 10-day ordeal.

## Conclusion

As detailed in the prior Order granting Plaintiff DRE Health's motion to sanction, the Court previously found that Attorney Kaplan's bad faith misconduct vexatiously increased the length of trial—what the parties had anticipated at the start to require a 5-day jury trial turned into a 10-day ordeal. Attorney Kaplan's documented misconduct unquestionably increased the length of the proceedings and, more so, independently contributed to the Court's finding that a new trial is required for the fraud counts. (*See* Doc. 345 at 28-49.) The Court would be justified in imposing as a sanction the entirety of Plaintiff's legal fees and costs incurred for the jury trial.

However, in its discretion and in an effort to reasonably account for the increased length to the proceedings caused by Attorney Kaplan's misconduct, the Court finds that $305,564.64 is an appropriate sanction against Attorney Kaplan and the law firm of Stuart N. Kaplan, P.A., jointly and severally, which represents (1) $245,000 in attorney fees incurred at trial (approximately one-half of the attorney fees incurred at trial at reasonable rates for this legal market as determined by the Court); (2) $20,000 in professional legal support fees incurred at trial (approximately one-half of the reasonable professional support costs incurred at trial at reasonable rates for this legal market as determined by the Court); (3) $21,263.50 in legal fees to prepare the fee petition; and (4) $19,301.14 in lodging and airfare costs incurred by Plaintiff's counsel on or after January 18, 2024, to the conclusion of the jury trial.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 23, 2026